UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA – LAKE CHARLES DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF DEVALL TOWING & BOAT SERVICE OF HACKBERRY, L.L.C., AS OWNER AND OPERATOR OF THE M/V CAPT. HYMEN DEVALL, IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.: <br><br> SECTION <br><br> JUDGE <br><br> MAGISTRATE |

## VERIFIED COMPLAINT FOR
## EXONERATION FROM OR LIMITATION OF LIABILITY

The Complaint for Exoneration From or Limitation of Liability ("Complaint-in-Limitation") of Devall Towing & Boat Service of Hackberry, L.L.C. ("Petitioner" or "Devall Towing"), as owner and operator of the M/V CAPT. HYMEN DEVALL, in a cause for exoneration from or limitation of liability, civil and maritime, pursuant to 46 U.S.C. §§ 30501 – 30512 (formerly 46 U.S.C. §§ 181-96), and all laws supplementary thereto and amendatory thereof, within the purview of Rule 9(h) and Supplemental Admiralty Rule F of the Federal Rules of Civil Procedure, allege upon information and belief as follows:

**I.**

At all times relevant hereto, Petitioner was and now is a Louisiana Limited Liability Company with offices and its principal place of business located in Sulphur, Louisiana.

**II.**

At all times relevant hereto, the M/V CAPT. HYMEN DEVALL was and is a 56 foot long, 24.5 foot wide, 81 gross ton push boat, with Official Number 500251.

**III.**

At all times pertinent, the M/V CAPT. HYMEN DEVALL was owned and operated by Petitioner in furtherance of its barge fleeting and towing business.

**IV.**

Petitioner used due diligence to make the M/V CAPT. HYMEN DEVALL seaworthy and it was, prior to the event described herein, tight, staunch, strong, equipped, manned, and supplied, and was in all respects seaworthy and fit for the service in which it was engaged.

**V.**

The M/V CAPT. HYMEN DEVALL is or will be, during the pendency of process herein, afloat upon navigable waters of the United States, and is likely to be within the jurisdiction of the United States District Court for the Western District of Louisiana.

**VI.**

Venue is proper in the United States District Court for the Western District of Louisiana pursuant to Rule F(9) of the Supplemental Rules for Admiralty and Maritime Claims.

**VII.**

On or about February 17, 2019, the M/V CAPT. HYMEN DEVALL was performing fleeting work at Southwest Shipyards in Channelview, Texas.

**VIII.**

Also on or about February 17, 2019, Jezeron V. Williams was employed by Petitioner and assigned to and working aboard the M/V CAPT. HYMEN DEVALL.

**IX.**

Jezeron V. Williams claims to have fallen down a flight of stairs while working aboard the M/V CAPT. HYMEN DEVALL on or about February 17, 2019 (the "Incident").

**X.**

As a result of the Incident, Jezeron V. Williams claims to have sustained bodily injury

### XI.

As a result of the Incident, on August 5, 2021, Jezeron V. Williams filed a lawsuit styled *JEZERON V. WILLIAMS VERSUS DEVALL TOWING & BOAT SERVICE OF HACKBERRY, LLC and DAVID OLIVER*, Docket Number 2021-003146, in Louisiana's 14th Judicial District Court for the Parish of Calcasieu, asserting claims against Petitioner and David Oliver for the damages allegedly sustained by Jezeron V. Williams in the Incident.

### XII.

Petitioner avers that in the event it should be held responsible to any party or parties by reason of the matters aforesaid, which is denied, Petitioner claims the benefit of limitation of liability as provided for in 46 U.S.C. §§ 30501 – 30512 (formerly 46 U.S.C. §§ 181-96), and all laws supplementary thereto and amendatory thereof.

### XIII.

All of the losses, damages, injuries, and destruction resulting from the aforesaid Incident were done, occasioned, and incurred, without fault on the part of Petitioner and without Petitioner's privity or knowledge.

### XIV.

Chris Diedrich, Risk Manager of Devall Towing & Boat Service of Hackberry, LLC, has executed an affidavit verifying that at the termination of the voyage herein above described and on the date of the Incident claimed upon, the market value of the M/V CAPT. HYMEN DEVALL was $400,000.00.

## XV.

Petitioner has filed contemporaneously herewith a Letter of Undertaking in appropriate form, for the payment into the registry of the Court, security in the amount of Petitioner's interest, if any, in the M/V CAPT. HYMEN DEVALL and Deposit for Costs.

## XVI.

This Complaint-in-Limitation is filed within six months of receipt of adequate written notice of claim against Petitioner sufficient to trigger the six-month period within which Limitation must be filed.

## XVII.

Other than the potential claims and causes of action described within Articles VII through XI, *supra*, Petitioner is unaware of any other demands, unsatisfied liens, or claims of liens, whether in contract or in tort, against the M/V CAPT. HYMEN DEVALL or any other suits pending therein, nor has said vessel been sued *in rem*, to Petitioner's knowledge.

## XVIII.

All and singular, the premises are true and correct and are within the admiralty and maritime jurisdiction of this Honorable Court, pursuant to Federal Rule of Civil Procedure 9(h) and Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

**WHEREFORE**, Petitioner, Devall Towing & Boat Service of Hackberry, L.L.C., prays:

a) That this Court enter an Order accepting and approving the deposit for costs filed by Petitioner herein in the amount of $250.00 cash pursuant to Local Rule 67.1 and Local Admiralty Rule 65.1.1;

b)      That upon depositing the sum of $250.00 into the Registry of the Court herein above-described, this Honorable Court shall issue a notice to all persons, firms, corporations, or other legal entities asserting any claims for any and all alleged losses, damages or injuries, with respect to which Petitioner seeks exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of Court and to serve on the attorneys for Petitioner, a copy thereof on or before the date specified in the Notice;

c)      That this Court enter an Order accepting and approving the Letter of Undertaking filed by Petitioner in the amount of $400,000.00 as adequate security;

d)      That upon the filing of the Letter of Undertaking herein above described, the Court shall issue an injunction restraining the commencement or prosecution of any action or proceeding of any kind against Petitioner, its employees, its liability insurers, or any of their property, including but not limited to the M/V CAPT. HYMEN DEVALL, whether *in personam*, by attachment, or *in rem*, for any losses, damages, and/or injuries allegedly arising out of the February 17, 2019 Incident, or allegedly occurring during the subject voyage described in this Complaint;

e)      That if any claimant who files a claim also files an exception controverting the value of the M/V CAPT. HYMEN DEVALL, as alleged herein, this Court shall cause due appraisement to be had of the value of said vessel and its pending freight during the relevant time period, and of the value of the Petitioner's interest, if any, after which this Court may enter an Order for an Amended Letter of Undertaking or other appropriate security for the aggregate value, as so determined, or Petitioner's interest, if any, in the said vessel and its pending freight;

f)   That this Court adjudge that Petitioner and the M/V CAPT. HYMEN DEVALL are not liable to any extent whatsoever for any alleged losses, damages, or injuries, or in consequence of or in connection with the matters and happenings referred to in this Complaint.

g)   Or, in the alternative, if this Court should adjudge that Petitioner is liable in any amounts whatsoever that said liability be limited to the value of the Petitioner's interest, if any, in the M/V CAPT. HYMEN DEVALL be divided *pro rata* to such claimants; and that a Judgment be entered discharging Petitioner and the said vessel of and from any and all further liability and forever enjoining and prohibiting the filing and prosecution of any claims against Petitioner, its employees, its insurers, or any of its property, in any way arising from or in consequence of the subject voyage or in consequence of or in connection with the matters and happenings referred to in this Complaint; and

h)   That Petitioner has such other further relief as in law, justice, and equity it may be entitled to receive.

Respectfully submitted,

Joseph A. Devall (#29149)
Michael T. Amy (#35626)
**HALE DEVALL, LLC**
400 Poydras Street, Suite 2107
New Orleans, LA  70130
Telephone:  504-576-0700
Facsimile:  504-383-0932
jdevall@haledevall.com
mamy@haledevall.com

**Attorneys for Devall Towing & Boat Service of Hackberry, L.L.C. for itself and as owner of the M/V CAPT. HYMEN DEVALL**

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA – LAKE CHARLES DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF DEVALL TOWING & BOAT SERVICE OF HACKBERRY, L.L.C., AS OWNER AND OPERATOR OF THE M/V CAPT. HYMEN DEVALL, IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.: <br><br> SECTION <br><br> JUDGE <br><br> MAGISTRATE |

**VERIFICATION**

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

**BEFORE ME**, the undersigned notary public, duly commissioned and qualified within and for the State of Louisiana, Parish of Orleans, personally came and appeared:

**JOSEPH A. DEVALL**

Who, after being duly sworn, did depose and say:

1. That he is the attorney for Petitioner and that he has read the foregoing Complaint for Exoneration from or Limitation of Liability, and that all and singularly, the allegations therein are true and correct to the best of his knowledge, information and belief; and

2. The source of his knowledge and the basis of his belief are the information and documents furnished by Petitioner, as well as the investigation conducted on behalf of Petitioner.

_____
JOSEPH. A DEVALL

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 4th DAY OF
FEBRUARY, 2022

_____
NOTARY PUBLIC MICHAEL T. AMY
NOTARY PUBLIC
NOTARY ID NO. 146156 LSBA NO. 35626
MY COMMISSION IS FOR LIFE

7